# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Heachung Kim,<br><br>    Debtor. | BK Case No. 10-37829<br><br>Hon. Cecelia G. Morris<br><br>ADV. NO. |
| FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.),<br><br>    Plaintiff,<br><br>v.<br><br>Heachung Kim,<br><br>    Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, by and through its attorney of record, Glenn D. Miller, to allege and complain as follows:

### I. PARTIES AND JURISDICTION

1. Defendant filed a Chapter 7 bankruptcy petition on 09/21/2010.

2. This adversary proceeding is commenced under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure, by Plaintiff, seeking a determination of nondischargeability of the debt owed to Plaintiff by Defendant pursuant to 11 U.S.C. §523 (a)(2)(A).

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523; and the Order of Reference entered by the District Court.

4. Venue is proper in this district by virtue of 28 U.S.C. §1409 (a), as this proceeding arises in and relates to a case under the Bankruptcy Code pending in this district. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

Page 1 - Complaint
XXXXXXXXXXXX1982



43547993

## II. CAUSE OF ACTION

5. Plaintiff is a creditor of Defendant by virtue of having issued a credit line to Defendant under Account No. XXXXXXXXXXXX1982. Defendant incurred charges and cash advances on this account totaling $12,751.65, including interest, as of the date the bankruptcy petition was filed.

6. Between 06/01/2010 and 08/13/2010 Defendant incurred $3,576.00 in cash advance and/or convenience check charges.

7. As a result of the above activity, the account credit limit was exceeded.

8. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

9. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on their account, Defendant represented an intention to repay the amounts charged in accordance with the terms and conditions set forth in the account agreement.

10. Each and every time Defendant used the credit line available in the Account, Defendant represented that Defendant had the ability and intent to repay the credit which was advanced by Plaintiff.

11. The Defendant made such representations with the intention and purpose of deceiving Plaintiff into extending and continuing to extend the credit line.

12. Plaintiff reasonably relied on the representations made by Defendant.

13. Defendant incurred the debts when they had no ability or objective intent to repay them, or incurred the debt with reckless disregard as to the belief that Defendant could repay the debt to Plaintiff.


43547993

14. Defendant were already insolvent at the time of the cash advances and purchases, and did not have the present ability or realistic future possibility to repay the debt.

15. Defendant obtained credit extended from the Plaintiff by false pretenses, false representations and/or actual fraud by accepting the benefits of the credit line without ever intending to repay it.

16. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $3,576.00.

17. Plaintiff justifiably relied upon Defendant representations of repayment and was induced to lend money and/or extend credit to Defendant by said misrepresentations.

18. Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $3,576.00.

19. Due to Defendant's actions, it was necessary for Plaintiff to employ its undersigned attorney and instruct the filing of this action for which the Plaintiff will incur costs and expenses, including attorney's fees, which Defendant is obligated to pay under the terms and conditions of the account agreement.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $3,576.00, plus accrued interest at the contractual rate from and after 09/21/2010, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2. An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

Page 3 - Complaint
XXXXXXXXXXXX1982


43547093

3. An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

DATED November 22, 2010.

                Weinstein & Riley, P.S.
                Attorneys for Plaintiff

                By: /s/ Glenn D. Miller
                Glenn D. Miller
                Weinstein & Riley, P.S.
                14 Penn Plaza Suite 1300
                New York NY 10122
                212-268-5540



43547993

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:

Heachung Kim,

    Debtor.

FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.),

    Plaintiff,

v.

Heachung Kim,

    Defendant.

BK Case No. 10-37829

Hon. Cecelia G. Morris

ADV. NO.

INITIAL DISCLOSURE REQUIRED BY RULE 26(a)(1)

    Plaintiff, by and through undersigned counsel, files this initial disclosure pursuant to Fed. R. Civ. P. 26(a)(1) and this Court's Order Setting Filing and Disclosure Requirements for Pretrial and Trial.

## I. WITNESS LIST

1. Plaintiff's representative having knowledge of the allegations contained in Plaintiff's complaint.
2. The Debtor/Defendant
3. Any and all witnesses listed by the Debtor/Defendant

## II. EXHIBIT LIST

1. Copy of account history, as well as copies of any and all documentation provided by Defendant in response to Plaintiff's request for production, including tax returns, W-2 forms, bank statements, canceled checks, credit card statements and copies of other disbursements.

    Plaintiff reserves the right to supplement this list.

                        Weinstein & Riley, P.S.
                        Attorneys for Plaintiff

                        By: /s/ Glenn D. Miller
                        Glenn D. Miller
                        Weinstein & Riley, P.S.
                        14 Penn Plaza Suite 1300
                        New York NY 10122
                        212-268-5540

43547993